UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACORY WILEY, § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. _____ |
| GALLERY MODEL HOMES, INC. § | |
| D/B/A GALLERY FURNITURE § | |
| Defendant, § | JURY DEMAND |
| § | |
| § | |
| § | |

## PLAINTIFFS ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, JACORY WILEY, Plaintiff herein, complaining of GALLERY MODEL HOMES, INC. D/B/A GALLERY FURNITURE (hereinafter referred to as "Gallery Furniture"), Defendant herein, and in support would show the Court as follows:

### I.

### NATURE OF THE CASE

1. This is an action under the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. Sec 12112 for unlawful employment practices based on Plaintiff's disability.

2. Plaintiff Jacory Wiley ("Wiley" and/or "Plaintiff") alleges that Defendant, Gallery Furniture, subjected Plaintiff to discrimination based on his disability.

### II.

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) because the action is based on 42 U.S.C. Sec 12112.

4. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the unlawful employment practices are alleged to have been committed in Houston, Harris County, Texas, located within the United States District Court for the Southern District of Texas.

5. The United States District Court for the Southern District of Texas is the proper forum in which to litigate the claim of Plaintiff because Defendant has a physical presence in Houston, Harris County, Texas.

### III.

### THE PARTIES

6. Plaintiff Jacory Wiley is a male citizen of the United States and a resident of Houston, Texas.

7. Defendant, Gallery Furniture, is Texas Corporation within the meaning of the Americans with Disabilities Act. Defendant may be served through its registered agent, Linda L. McIngvale at its registered office 6006 North Freeway, Houston, Texas 77076.

### IV.

### ADMINISTRATIVE PROCEDURE

8. Plaintiff submitted a charge of discrimination, EEOC Charge No. 460-2017-04450, against Defendant to the Equal Employment Opportunity Commission ("EEOC), Houston District Office, on September 25, 2017, requesting an investigation based on disability discrimination.

9. Wiley received the Notice of Right to Sue on June 11, 2018. See Exhibit A. Therefore, this suit is timely filed within the 90 days allowed from the receipt of this right to sue letter.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

**V.**

**FACTUAL ALLEGATIONS**

11, Wiley receives benefits from Social Security for his disability. He is visually impaired.

12. On September 7, 2017, Gallery Furniture held a job fair at their store and Wiley attended

13. After considering applying for the sales position, Wiley applied for a warehouse position and was interviewed by Jeremy Hunt (hereinafter "Hunt").

14. After being interview with Hunt, Wiley turned around, surveyed the room and area around him, and walked away.

15. Wiley did not, in fact, bump into a table or anything in his proximity.

16. Before Wiley could walk away, Hunt questioned Wiley about his vision.

17. Wiley informed Hunt that he was visually impaired but would still be able to perform his duties.

18. After being interviewed, Wiley was offered a position, which he accepted.

19. Wiley completed the pre-hire packet and spoke with HR the same day.

20. While speaking with HR, Wiley again disclosed he was visually impaired and stated that he only wanted to work part time so he could still receive benefits from Social Security.

21. HR told Wiley they "would work with him" and requested he speak with the Social Security Office about the amount of hours he could work and still receive benefits from Social Security.

22. Shortly thereafter, Wiley was given his Gallery Furniture uniform, informed on what to wear to work (Gallery Furniture shirt, Khaki or Black pants, and tennis shoes), and was also told to shave his goatee.

23. That same evening, after speaking with the Social Security Office, Wiley contacted Hunt asking when he would be able to commence working.

24. After Wiley informed Hunt that he would be able to work approximately 30-35 hours per week, Hunt replied, "let me speak with Dulce (worker in Gallery Furniture's HR department) and see what we can accommodate."

25. On Sunday, September 10, 2017, Wiley contacted Hunt asking if he should come in to work on September 11, 2017.

26. Hunt replied, "I am waiting on HR to verify the schedule for me. I will let you know by noon in the morning.

27. On Friday, September 15, 2017, Hunt told Wiley to go to the Gallery Furniture location, wearing his uniform, and speak with HR.

28. When Wiley arrived to the Gallery Furniture location, he spoke with Dulce, a Gallery Furniture HR employee.

29. Dulce informed Wiley that they were only looking to hire full-time employees at this time.

30. Wiley responded, "I am willing to work full-time."

31. Dulce stated that Wiley would be receiving a call from them on Monday (September 18, 2017) to receive his working schedule.

32. Wiley did not receive a call from Gallery Furniture on September 18, 2017.

33. On September 19, 2017, Wiley called Defendant and Dulce informed Wiley that there were no full-time positions available.

34. On Wednesday, September 20, 2017, Ashley Tillery, a friend of Wiley, called the Gallery Furniture store that Wiley was seeking employment at to inquire if any full-time positions were available.

35. An employee of Gallery Furniture stated that there were many full time positions available in both warehouse and sales.

36. On Friday, September 22, 2017, Wiley texted Hunt and inquired if any full-time positions were available.

37. Wiley also stated that his friend called the Gallery Furniture store and received information that positions were available.

38. Hunt called Wiley immediately and stated Gallery Furniture would not be able to hire him due to safety issues.

39. Hunt also stated that he did not know that Wiley was visually impaired until he turned around to see where he was going. That was the only way I knew he had a problem with his vision.

40. Wiley was never asked by Hunt nor HR about his individual needs to help identify the appropriate reasonable accommodations that he needed for the job.

41. Wiley was never given the opportunity to see if he could perform efficiently with his disability nor did Gallery Furniture attempt to shift responsibilities to another employee for minor job tasks that Wiley was unable to perform because of his disability or assign Wiley to a different minor job function in its place as required under the ADA. There were vacant positions available that Wiley qualified for however, Gallery Furniture did not reassign Wiley to another position.

## VI.

## STATEMENT OF CLAIM

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs 11-41.

43. 42 U.S.C § 12112 prohibits employment discrimination based on disability.

44. Gallery Furniture discriminated against Wiley in violation of 42 U.S.C § 12112 because of Wiley's disability.

45. As summarized above, Gallery Furniture regarded Wiley as disabled and, as a result, would not schedule him to work.

46. As a result of Gallery Furniture's actions, Wiley suffered and continues to suffer damages and Wiley hereby sues.

47. Wiley further requests his attorneys' fees and costs under 42 U.S.C. § 12205.

48. Defendant acted intentionally, maliciously, and/or recklessly against Wiley because of his disability.

## VII.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Jacory Wiley prays that the Court grant the following relief:

A. Front pay and/or back pay in amount to be determined by the jury;

B. Compensatory damages against Gallery Furniture as a consequences of Gallery Furniture's unlawful actions, in a precise amount to be determined by the jury;

C. Exemplary damages, in an amount to be determined by the jury;

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees, expenses and costs of the action; and

F.  Such other relief as the Court shall deem just and proper.

## VIII.

## JURY DEMAND

49. Wiley demands a trial by jury on all issues of fact and damages raised in this case.

        LAW OFFICE OF

        TRENTON SIMS, PLLC

        By: */s/ Trenton Sims*

        Trenton Sims Attorney
        State Bar of Texas No. 24096305
        Southern District of Texas Bar No.3270770
        Law Office of Trenton Sims, PLLC.
        5350 Bellaire Blvd Unit 3292
        Bellaire, Texas 77402
        Telephone:   (832) 987-4281
        Facsmile:    (713) 456-2210
        Email: Trenton@attorneytrentonsims.com

        ATTORNEY FOR PLAINTIFF